CROSS v. FLEWELLEN et al. (No. 5830.)

(Court of Civil Appeals of Texas. Austin. Dec. 5, 1917.)

1. JUSTICES OF THE PEACE ☞159(10)—APPEAL—BOND—ABANDONMENT.

Where the attorney for the appellant obtained from the justice the appeal bond, together with the original papers and transcript, and failed to return them to the justice until six terms of the county court had passed, the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appeal from the justice's judgment will be treated as abandoned, even though it is the justice's duty to file such appeal bond, etc., in the county court, hence execution may be issued on the justice's judgment.

2. JUSTICES OF THE PEACE ⊕174(6), 176(1)—TRIAL DE NOVO ON APPEAL—RECEPTION OF EVIDENCE—AMENDMENT OF PLEADING.

Where the District Court on appeal from a justice of the peace heard evidence and took the case under advisement, and later advised the attorneys of his decision, and that judgment would be entered on a certain date, a party was properly denied leave at the date fixed for rendition of the judgment to file an amendment and offer additional evidence.

Appeal from District Court, Bell County; F. M. Spann, Judge.

Action by Frank Cross against Dr. W. F. Flewellen and others. From a judgment for defendants, plaintiff appeals. Affirmed.

A. D. Dyess, of Houston, for appellant. James Boyd, of Belton, for appellees.

RICE, J. On the 7th of August, 1915, W. F. Flewellen recovered a judgment in the justice court, precinct No. 1, Bell county, against Frank Cross, for the sum of $80, together with attorney's fees and costs of suit. On the 14th of said month he filed his appeal bond with the justice of the peace, who approved the same. The record shows, however, that immediately upon the filing and approval of the bond, same, together with the papers in the case, was delivered by the justice to the attorney for Cross, who promised to return same in time for them to be filed at the next succeeding term of the county court; but the papers were never returned to the justice, although they were duly requested. The papers remained in the hands of said attorney until about the time of this trial, for which reason said bond, original papers, and transcript thereof were never filed in the county court, and six terms thereof had passed before the suing out of the execution herein mentioned.

Some time prior to the 18th of October, 1916, the justice of the peace, at the instance of Flewellen, issued and placed in the hands of the constable of said precinct an execution, which was levied by him upon one mule, the property of appellant, who thereupon applied to and obtained from the district judge a writ of injunction restraining all of said parties from further proceedings under such execution; said writ being applied for chiefly on the ground that said appeal was pending in the county court and no execution could legally be issued thereon. Defendants answered by general demurrer, special exceptions, and set up the fact that the original papers in the case, together with the bond and transcript, had not been sent by the justice to the county court, for the reason that the bond and papers had been withdrawn by appellant's attorney and withheld until six terms of the county court had passed, as well as other facts unnecessary to be stated. On the trial in the district court on the pleadings and sworn answer of defendants, the court dissolved the injunction, from which this appeal is prosecuted.

[1] It is urged by the first assignment that the court erred in dissolving the writ of injunction, and in refusing to make it permanent, because the appeal bond having been filed in the justice court within the time required by law, the judgment of the justice court was superseded, and no valid execution could be issued thereon until the appeal had properly been dismissed in the county court. We differ with appellant in this contention, and think that the court properly dissolved the injunction, because under the facts set out in the record appellant must be held to have abandoned his appeal. While the law imposes the duty upon the justice to file the appeal bond, together with the original papers and transcript, in the county court, still where this is rendered impossible by the action and conduct of counsel for appellant, who retains the papers and makes no effort to prosecute the appeal, and permits six terms of the county court to pass, it must be held that he has lost his right of appeal by his own laches, for which reason the court did not err in dissolving the injunction.

[2] Appellant complains that the court refused to permit him to file an amended original petition, showing that the judgment entered in the justice court had become dormant by reason of the failure to issue an execution thereon within 12 months after its rendition; and also complains that the court erred in refusing to permit his counsel to testify to an agreement he had made with an attorney for appellees with reference to a substitution for lost papers, and the filing of the transcript in the county court without prejudice.

With reference to these matters the bills of exception show that the case was called and tried on its merits on the 8th of November, at which time the court took the case under advisement, stating to counsel of both parties that he would later advise them of his decision in the premises, but that he would not enter judgment until they had had an opportunity to appear in court and take such exceptions as they might deem proper; that afterwards, on the 13th of November, the court did advise counsel for plaintiff of its decision in this case, and that it would on the 16th of November enter judgment accordingly in said cause; and on the 16th plaintiff's attorney appeared in open court and asked leave to file his amendment, and also offered testimony in support of the agreement. The court declined to permit the amendment, and refused to hear the testimony. It was too late after the trial was concluded and judgment entered to file an amendment or offer additional testimony. The court in so holding did not, in our judg-

ment, abuse its discretion, for which reason we overrule all of the assignments complaining of these matters.

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.